Filed 6/17/14  In re Richie S. CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| In re RICHIE S., a Person Coming Under the Juvenile Court Law. | B251856 (Los Angeles County Super. Ct. No. VJ3336) |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>RICHIE S.,<br><br>        Defendant and Appellant. | |

THE COURT:*

Minor Richie S. appeals from the order sustaining the allegations that he committed second degree burglary of a vehicle in violation of Penal Code section 459;**1** attempted grand theft auto in violation of sections 664 and 487, subdivision (d)(1); and possession of burglary tools in violation of section 466, a misdemeanor.  The juvenile

---

\*       BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

**1**      All further references to statutes are to the Penal Code unless stated otherwise.

court declared minor a person described by section 602 of the Welfare and Institutions Code and declared him a ward of the court. The court granted minor's request to reduce the offenses in counts 1 and 2 to misdemeanors under section 17, subdivision (b) and placed minor at home under terms and conditions of probation. The court stated that the maximum confinement time was one year and two months.

We appointed counsel to represent minor on this appeal. After examination of the record, counsel filed an "Opening Brief" containing an acknowledgment that she had been unable to find any arguable issues. On February 10, 2014, we advised minor that he had 30 days within which to personally submit any contentions or issues that he wished us to consider. No response has been received to date.

At minor's adjudication hearing, Ruben Villegas testified that he parked his green 1995 Honda Civic in the parking lot of his gym, removed the detachable steering wheel, and placed the steering wheel in the trunk of his car. He locked the car before going into the gym. Upon returning to his car at approximately 11:00 p.m., he saw minor in the driver's seat. The driver's door was open, and minor was trying to attach the steering wheel. Villegas asked minor what he was doing, and minor asked Villegas if the car was his. Villegas told minor to get in the car because he was going to speak to minor's parents. Villegas did not want to involve the police. Minor said he did not know his parents' telephone number.

Villegas planned to drive minor to minor's home, but first he drove to his own home to pick up his brother. While Villegas and minor conversed in the car, minor admitted he was trying to take Villegas's car and said he was sorry several times.

Minor gave Villegas a false address for his residence. He admitted it was not his house and tried to run away. Villegas's brother then called the police. Police arrived and searched minor. Police found a shaved key on minor's person and showed it to Villegas.

Deputy Gary Butts found the shaved key and testified that such a key is commonly used to steal vehicles. Minor told Deputy Butts that the key was for his own car, which was a green 1993 Honda Civic. Deputy Butts believed the key was shaved rather than worn down due to age and use.

2

Minor testified that on the date in question, he "was apparently in the gym." He had a membership card for the gym, which was attached to his key ring. Villegas's car was identical to minor's car. Minor produced photographs of his car, as well as his registration, insurance documents, and the pink slip for his car. He had two keys for the car, one of which the police took from him that day.

Minor testified that he approached the wrong car in the parking lot and put his key in the lock. He turned the key and the door opened. He got in and noticed the steering wheel on the passenger's seat and grabbed it. He realized it was not his car. He got out of the car, but Villegas was already right next to him. Minor was in the car no more than a minute. Villegas's tone toward minor was aggressive. Minor did not want to get in the car, but Villegas told him to sit down. He then told minor to close the door, and he started the car. Minor was shocked.

Villegas drove minor to a house. Villegas's parents came out and began talking to minor about God. Minor was nervous. He gave Villegas a false address for his residence and lied about not knowing the telephone number because he did not want his mother to think he was stealing a car. He had his own car.

After thoroughly reviewing all of the evidence, the trial court found that minor's version of events was not credible. "It is the exclusive function of the trier of fact to assess the credibility of witnesses and draw reasonable inferences from the evidence." (*People v. Sanchez* (2003) 113 Cal.App.4th 325, 330.) We have examined the entire record and are satisfied that minor's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order appealed from is affirmed.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.

3